Stan S. Mallison, (SBN 184191)
  StanM@TheMMLawFirm.com
Hector R. Martinez (SBN 206336)
  HectorM@TheMMLawFirm.com
David Gomez (SBN 322749)
  DGomez@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison St., Suite 730
Oakland, California 94612
Tel. 510.832.9999
Fax 510.832.1101

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE SALVADOR SANDOVAL ORTEGA, J. GUADALUPE ALANIZ, EFRAIN ENRIQUEZ, and NORBERTO RODRIGUEZ on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>AHO ENTERPRISES, INC. (dba "SUPERIOR BODY SHOP"); JACK AHO, ISSA AHO, HANI AHO and DOES 1 through 30, inclusive,<br><br>Defendants. | CLASS AND COLLECTIVE ACTION COMPLAINT FOR:<br><br>1. Federal Fair Labor Standards Act Violation;<br>2. Failure to Pay California Overtime Wages;<br>3. Failure to Pay California Minimum and Contractual Wages;<br>4. Failure to Comply with California Rest Period Requirements;<br>5. Failure to Comply with California Meal Period Requirements;<br>6. Failure to Pay Timely Wages under California law;<br>7. Failure to Provide Accurate California Itemized Employee Wage Statements;<br>8. Violation of California Unfair Competition Law; |

PLAINTIFFS EFRAIN ENRIQUEZ, J. GUADALUPE ALANIZ, JOSE SALVADOR SANDOVAL ORTEGA, and NORBERTO RODRIGUEZ (collectively "PLAINTIFFS") bring this action against AHO ENTERPRISES INC. (dba "SUPERIOR BODY SHOP"); ISSA AHO, JACK AHO, and HANI AHO and DOES 1 through 30, inclusive (collectively "DEFENDANTS"), on behalf of themselves, and all others similarly situated. PLAINTIFFS assert the allegations based on personal knowledge and on information and belief. The allegations below made on information and belief are likely to have evidentiary support after further opportunity for discovery and investigation.

## I.    NATURE OF THE ACTION

This action is brought on behalf of PLAINTIFFS in four capacities: (a) individually; (b) as FRCP Rule 23 representative of a class or various subclasses  of non-exempt employees employed by, or formerly employed by, DEFENDANTS; (c) as a Fair Labor Standards Act ("FLSA") collective action (29 U.S.C. § 216(b)); (d) as a class representative in the interest of the general public under the Unfair Competition Law ("UCL") (Cal. Business & Professions Code §§17200 *et seq.*).

DEFENDANTS' violations revolve around their failure to pay all wages when due; failure to pay employees overtime wages; failure to comply with minimum and contractual wage requirements; failure to comply with rest and meal period requirements; and failure to comply with the record-keeping, wage statement and payment deadline provisions of California law.  As a result of these violations, DEFENDANTS have violated the Fair Labor Standards Act 29 U.S.C. § 216 and 216(b), as well as provisions of California labor laws and the California unfair competition law.

## **JURISDICTION & VENUE**

1.    This Court is a proper venue, since substantially all events giving rise to this lawsuit have occurred in this District, and specifically in San Mateo County.

2.     Subject matter jurisdiction of this Court is based on the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. and the supplemental jurisdiction of this Court.

3.     At all times relevant, on information and belief, the annual gross volume of sales of DEFENDANTS was not less than $500,000.00, and many products used were manufactured outside the State of California.

4.     At all times relevant, DEFENDANTS conducted business through interstate commerce such that they are covered by the Fair Labor Standards Act.

## II.     PARTIES

**PLAINTIFFS**

5.     Plaintiff EFRAIN ENRIQUEZ ("ENRIQUEZ") is a California resident.  During the class period ENRIQUEZ was employed by DEFENDANTS as a non-exempt employee at DEFENDANTS' facilities.  ENQIRUEZ was hired pursuant to written and implied contracts of employment impliedly or explicitly promising to pay in conformance with Federal and California wage and hour requirements.  The text of any written terms of contract are contained within DEFENDANTS' records.  ENRIQUEZ and the class were required by DEFENDANTS to provide their own tools and therefore were required to be paid twice the California minimum wage. As such, by operation of law and implied into any employment contract, ENRIQUEZ must be paid in conformance with California labor laws and therefore be paid at least $18.00 per hour for all hours worked during 2015, $20.00 for all hours worked during 2016, and $21.00 for all hours worked during 2017 and $22.00 for all hours worked during 2018.  ENRIQUEZ has worked for DEFENDANT during Class Period as defined below.  ENRIQUEZ was employed by DEFENDANT to work in DEFENDANTS' facilities in California as a non-exempt employee. As a result of DEFENDANTS' violations described herein, ENRIQUEZ has suffered injury in fact and has lost money or property.

6.     Plaintiff J. GUADALUPE ALANIZ ("ALANIZ") is a California resident. During the period covered by this lawsuit, ALANIZ was employed by DEFENDANTS as a non-exempt

employee at DEFENDANTS' facility in San Mateo known as SUPERIOR BODY SHOP. RAMIREZ was primarily employed as a non-exempt employee and was required to provide his own tools and therefore required to be paid at twice the California minimum wage. As a result of DEFENDANTS' violations described herein, RAMIREZ has suffered injury in fact and has lost money or property.

7.      Plaintiff JOSE SALVADOR SANDOVAL ORTEGA ("SALVADOR") is a California resident.  During the class period SALVADOR was employed by DEFENDANTS as a non-exempt employee at DEFENDANTS' facilities.  SALVADOR was hired pursuant to written and implied contracts of employment impliedly or explicitly promising to pay in conformance with Federal and California wage and hour requirements.  The text of any written terms of contract are contained within DEFENDANTS' records.  SALVADOR and the class were required by DEFENDANTS to provide their own tools and therefore were required to be paid twice the California minimum wage.   As such, by operation of law and implied into any employment contract, ENRIQUEZ must be paid in conformance with California labor laws and therefore be paid at least $18.00 per hour for all hours worked during the years 2014 and 2015, $20.00 for all hours worked during 2016, and $21.00 for all hours worked during 2017 and $22.00 for all hours worked during 2018.  SALVADOR has worked for DEFENDANT during Class Period as defined below.  SALVADOR was employed by DEFENDANT to work in DEFENDANTS' automobile facilities in California as a non-exempt employee.  As a result of DEFENDANTS' violations described herein, SALVADOR has suffered injury in fact and has lost money or property.

8.      Plaintiff NORBERTO RODRIGUEZ ("RODRIGUEZ") is a California resident. During the class period RODRIGUEZ was employed by DEFENDANTS as a non-exempt employee at DEFENDANTS' facilities.  RODRIGUEZ was hired pursuant to written and implied contracts of employment impliedly or explicitly promising to pay in conformance with Federal and California wage and hour requirements.  The text of any written terms of contract are contained within DEFENDANTS' records.  RODRIGUEZ and the class were required by

DEFENDANTS to provide their own tools and therefore were required to be paid twice the California minimum wage.  As such, by operation of law and implied into any employment contract, RODRIGUEZ must be paid in conformance with California labor laws and therefore be paid at least $18.00 per hour for all hours worked during the years 2014 and 2015, $20.00 for all hours worked during 2016, and $21.00 for all hours worked during 2017 and $22.00 for all hours worked during 2018.  RODRIGUEZ has worked for DEFENDANT during Class Period as defined below.  RODRIGUEZ was employed by DEFENDANT to work in DEFENDANTS' facilities in California as a non-exempt employee.  As a result of DEFENDANTS' violations described herein, RODRIGUEZ has suffered injury in fact and has lost money or property.

9.     On information and belief, PLAINTIFFS, and each member of the Class he seeks to represent, were regularly subjected to, or had personal knowledge of, the violations described in this Complaint and/or the allegations contained herein made on information and belief based upon investigation of counsel.  Each member of the purported class non-exempt employees working at any AHO ENTERPRISES, INC. facility are therefore witnesses to the allegations of this Complaint.

**DEFENDANTS**

10.    On information and belief, Defendants JACK AHO, ISSA AHO and HANI AHO, and Does 1 through 30 are hereinafter called the "Non-Corporate" Defendants. On information and belief, Jack Aho owned Aho Enterprises, Inc. and is Chief Financial Officer, and controlled the illegal payroll policies and directly told employees not to take legally mandated breaks, Issa Aho owned Aho Enterprises, Inc. and is Chief Executive Officer, and controlled the illegal payroll policies and directly told employees not to take legally mandated breaks, and Hani Aho owned Aho Enterprises, Inc. and is Secretary, and controlled the illegal payroll policies and directly told employees not to take legally mandated breaks. These individuals own and control various auto body repair shops under the name of SUPERIOR BODY SHOP.   Joint and severable liability attaches against Non-Corporate Defendants under the following:

(a)     Non-Corporate Defendants are liable under California Labor Code § 558.1 in that they are each a "person" who violated or caused to be violated overtime laws found at Labor Code section 203, 226, 226.7, 1193.6, 1194 and 2802, among other requirements under the Labor Code and Wage Orders.

11.     On information and belief, Defendant AHO ENTERPRISES, INC. ("SUPERIOR BODY SHOP") is a California corporation with the following corporate address 956 Bransten Road, San Carlos, CA 94070. The address for the shop and Agent for Service of Process, JACK AHO, is 956 Bransten Road, San Carlos, CA 94070.

12.     DEFENDANTS' violations as described in this complaint were knowing, intentional, deliberate and willful.

### III.     FACTUAL BACKGROUND

13.     This is a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure and a Collective action pursuant to FSLA, 29 U.S.C. §216(b), to vindicate the rights afforded the class by the FLSA, California Labor Code and California Business and Professions Code §§ 17200 *et seq.*, and is brought on behalf of PLAINTIFFS and a Class comprised of all current and former non-exempt employees of DEFENDANTS at SUPERIOR BODY SHOP facilities. PLAINTIFF seeks recovery of wages and compensation owed for the maximum allowable period (the "Class Period"), as set forth below.  For at least four years prior to the filing of this action and to the present, DEFENDANTS maintained and enforced against their non-exempt employees the following unlawful practices and policies, in violation of FLSA and/or California wage and hour laws:

   a.     failure to pay Class Members, including PLAINTIFFS, all overtime wages due pursuant to the Fair Labor Standards Act, California Labor Code and Industrial Welfare Commission Wage Orders. For example, workers would track time and be paid compensated separately for overtime work at their regular rate of pay.

b.      failure to provide paid rest periods or to pay PLAINTIFFS and the Class additional pay for missed rest periods, in violation of California law. For example, workers were not provided rest breaks, and if they tried to take a break they would be told not to.

c.      failure to provide timely unpaid meal periods of at least 30 minutes per five hours worked on shifts of at least six hours, and failing to pay PLAINTIFFS and the Class additional pay for such missed meal periods in violation of California law; For example, workers often started at 7:00 a.m and were instructed not to take their meals until well after noon. As another example, workers would be told not to take meal breaks if customers were waiting, which would delay the break even further.

d.      failure to provide Class Members, including PLAINTIFFS, with accurate itemized wage statements as required by California law; For example, wage statements would not have accurate hours.

e.      failure to pay Class Members, including PLAINTIFFS, statutory penalties pursuant to California Labor Code §§ 201, 202, 203 and other California law upon termination or resignation;

14.     On information and belief, DEFENDANTS were on notice of the improprieties alleged herein, and intentionally refused to rectify their unlawful policies.  DEFENDANTS' violations alleged above, during all relevant times herein was willful and deliberate.

15.     DEFENDANTS have made it difficult to account with precision for the unlawfully withheld wages due DEFENDANTS' non-exempt employees, including PLAINTIFFS, during all relevant times herein, because DEFENDANTS did not implement and preserve a record-keeping method to accurately record all hours worked and to accurately record correct wages.

1

## IV.    CLASS ACTION ALLEGATIONS

2      16.    Plaintiffs bring this action on behalf of themselves and all similarly situated

3   workers pursuant to the Federal Rules of Civil Procedure 23 because there is a well-defined

4   community of interest in the litigation and the proposed class is easily ascertainable.  Plaintiffs

5   seek to represent the following class:

6

7      **CALIFORNIA SUPERIOR BODY SHOP CLASS**:  All non-exempt
       persons who are employed or have been employed by DEFENDANTS in
8      California within four (4) years of the filing of this Complaint through the
       date of final disposition of this action.

9      17.    Plaintiffs reserve the right to amend or modify the class description with greater

10  specificity to further divide into subclasses or to limit to particular issues.

11     18.    Plaintiffs also seek to represent the following opt-in FLSA Collective:

12

13     **CALIFORNIA SUPERIOR BODY SHOP FLSA COLLECTIVE:**  All
       non-exempt persons who are or have been employed by DEFENDANTS
14     in the State of California and who, within three (3) years of the filing of
       this Complaint through the date of final disposition of this action.

15

16     19.    On information and belief, the legal and factual issues are common to the Class

17  and affected all Members of the Class.  PLAINTIFFS reserve the right to amend or modify the

18  class description with greater specificity or further division into subclasses or limitation to

19  particular issues.

20     **A.**    **Numerosity**

21     20.    The potential members of the Class as defined are so numerous that joinder of all

22  the members of the Class is impracticable.  While the precise number of Class Members has not

23  been determined at this time, PLAINTIFFS are informed and believes that DEFENDANTS

24  during the relevant time periods likely employed more than a hundred body shop non-exempt

25  employees in California who are, or have been, affected by DEFENDANTS' unlawful practices

26  as alleged herein.  With turnover, the size of the class could potentially exceed two hundred

27  members.

28

21.     Upon information and belief, PLAINTIFFS allege that DEFENDANTS' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

**B.     <u>Commonality</u>**

22.     There are questions of law and fact common to the Class predominating over any questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

(a)     Whether DEFENDANTS failed and continues to fail to pay overtime compensation in violation of the FLSA, 29 U.S.C. §201, et seq.;

(b)     Whether DEFENDANTS violated §§ 17200 *et seq.* of the Business and Professions Code by the violation of California labor laws;

(c)     Whether DEFENDANTS violated the California Labor Code and Wage Orders as a result of the allegations described in this complaint;

(d)     Whether DEFENDANTS violated the California Labor Code and Wage Orders by compensating PLAINTIFF and other Class Members at rates below the required overtime rate;

(e)     Whether DEFENDANTS violated the California Labor Code and Wage Orders by failing to schedule rest periods or discouraging PLAINTIFF and Class Members from taking them, while failing to compensate said employees for missed rest periods in violation of California law;

(f)     Whether DEFENDANTS violated the California Labor Code and Wage Orders by failing to schedule meal periods or discouraging PLAINTIFF and Class Members from taking them, while failing to compensate said employees for missed meal periods in violation of California law;

(g)    Whether DEFENDANTS violated the California Labor Code and Wage Orders by failing to, among other things, maintain accurate records of PLAINTIFF and other Class Members' earned wages, work periods, hours worked and wages earned;

(h)    Whether DEFENDANTS violated the California Labor Code and Wage Orders by failing to pay all earned wages due and/or premium wages due and owing at the time that the employment of any Class Members, including PLAINTIFF, ended;

(i)    Whether DEFENDANTS failed to pay Class Members, including PLAINTIFF, statutory penalties pursuant to California Labor Code §§ 201, 202, 203;

(j)    Whether PLAINTIFF and other Class Members are entitled to damages, restitution, wages, statutory penalties, premium wages, declaratory, injunctive and declaratory relief, attorneys' fees, interest, and costs, and other relief pursuant to California Labor Code and Wage Orders, Business and Professions Code §§17200 *et seq.*; and

(k)    There are no individualized factual or legal issues for the court to resolve that would prevent this case from proceeding as a class action.

**C.    Typicality**

23.    The claims of the named PLAINTIFFS are typical of the claims of the Class. PLAINTIFFS and all members of the Class sustained injuries and damages arising out of and caused by DEFENDANTS' common course of conduct in violation of Federal and California laws, regulations, and statutes as alleged herein.

**D.    Adequacy of Representation**

24.    PLAINTIFFS will fairly and adequately represent and protect the interests of the members of the Class.  PLAINTIFFS have no interests which are adverse to the Class.  Counsel who represent PLAINTIFFS are competent and experienced in litigating large employment class actions.

### E.     <u>Superiority of Class Action</u>

25.     A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of DEFENDANTS' unlawful policy and/or practices described herein.

26.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. PLAINTIFFS are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

### V.     CAUSES OF ACTION

27.     All causes of action described herein, except the Count Eight, are brought on behalf of PLAINTIFFS both individually and the Class.

**FIRST CAUSE OF ACTION**

**FEDERAL CLAIM**
*Violation of the Fair Labor Standards Act*
<u>29 U.S.C. §§ 207, 216(b), and 255(a)</u>
*Failure to Pay Overtime Wages and Minimum Wages*

All PLAINTIFFS against AHO ENTERPRISES, INC.

28.     Plaintiffs re-allege and incorporate the allegations of paragraphs 1-24 as if fully stated herein.

29.     At all relevant times herein, Plaintiffs' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq*.

30.     DEFENDANTS are engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

31.     DEFENDANTS routinely require and/or suffered or permitted Plaintiffs, including Opt-In Consenters and similarly situated workers, to work more than 40 hours per week, and routinely without paying them any overtime premium for hours worked in excess of 40 hours per week.

32.     In failing to pay Plaintiffs, including Opt-In Consenters and similarly situated workers, overtime wages at one-and-one-half times their regular rate of pay, DEFENDANTS willfully violated the FLSA.

33.     As a direct and proximate result of defendants' failure to pay proper wages under the FLSA, Plaintiffs, including Opt-In Consenters and similarly situated workers, incurred general damages in the form of lost overtime wages in an amount to be proved at trial.

34.     Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs, including Opt-In Consenters and similarly situated workers and similarly situated workers, their proper wages, and thus defendants are liable to Plaintiffs, including Opt-In Consenters and similarly situated workers, for liquidated damages in an amount equal to their lost wages over a three year statute of limitations plus tolling from other class actions pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA. Plaintiffs, including Opt-In Consenters and similarly situated workers, were required to retain legal assistance in order to bring this action and, as such, are entitled to an award of reasonable attorney's fees pursuant to the FLSA. As a result, Defendant Aho Enterprises, Inc. is liable for all legally available remedies including those aforementioned in this complaint.

**COUNT TWO**

FAILURE TO PAY OVERTIME WAGES
(Labor Code §§ 500, 510, 1194 and Wage Orders)
All PLAINTIFFS against all DEFENDANTS

35.     PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

36.     Applicable California IWC Wage Orders require that overtime hours be compensated as follows:

> (a) One and one-half (1 1/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

> (b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

The Wage Orders are authorized under California Labor Code § 1185.

37.     California Labor Code § 500 defines, "workday" and "day" to mean any consecutive 24-hour period commencing at the same time each calendar day, and defines "workweek" and "week" to mean "any seven consecutive days starting with the same calendar day each week."

38.     As described herein, DEFENDANTS violated the above Wage Orders, by employing PLAINTIFFS and the Class in excess of the limits provided by these wage orders without time and one half or double time pay of regular or piece rates.

39.     PLAINTIFFS, individually and on behalf of the Class, may enforce these provisions pursuant to Labor Code § 1194(a) and Business and Professions Code §§ 17200 *et seq*.  California Labor Code § 1194(a) states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

40.     Under California Labor Code § 558.1, "Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation." This applies to the individual defendants named herein because they violated or caused to be violated the Labor Code on behalf of the employer.

1

2    41.    WHEREFORE, PLAINTIFFS and the Class are entitled to the unpaid balance of

3 the full amount of the above noted overtime compensation, interest, reasonable attorney's fees,

4 and costs of suit pursuant to California Labor Code § 1194(a).

5

6 **COUNT THREE**

7 FAILURE TO PAY MINIMUM OR CONTRACTUAL WAGES<br>(Labor Code §§ 226, 226.6, 1194, 1194(a), 1194.2, 1197 and Wage Orders)

8 All PLAINTIFFS against all DEFENDANTS

9    42.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth

10 herein.

11    43.    DEFENDANTS failed to pay at least the minimum wage rates "for all hours

12 worked," or the contractual or agreed upon rates for all hours worked.

13    3.    The failure to properly compensate PLAINTIFFS results from DEFENDANTS

14 following wage and hour practices (among others described in this complaint): (1) failing to

15 record accurately employees' work periods, meal periods, and hours worked, and (2) failing to

16 pay for all hours worked, including recorded and unrecorded hours.

17    44.    California Labor Code §1197, entitled "Pay of Less Than Minimum Wage" states:

18
19     The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

20    45.    The applicable minimum wages fixed by the commission for work during the

21 years 2015-2019 is found in the Wage Orders which state that:

22
23     Every employer shall pay to each employee wages not less than . . . six dollars and seventy-five cents ($6.75) per hour for all hours worked effective January 1, 2002 . . .

24 These Orders were amended to provide for a minimum wage $9.00 per hour for all hours

25 worked during the years 2015, $10.00 for all hours worked during 2016, $10.50 for all hours

26 worked during 2017, $11.00 for all hours worked during 2018 and $12.00 for all hours worked

27 during 2019. PLAINTIFFS and the Class provided tens of thousands of dollars of their own tools

28

necessary to complete the work assigned.  Pursuant to the Wage Orders, PLAINTIFFS and the Class are therefore entitled to double the above rates.

46.     The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code §1194(a) which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

47.     As described in California Labor Code §§1185 and 1194.2, any action for wages incorporates the applicable Wage Order of the California Industrial Welfare Commission.

48.     California Labor Code §1194.2 also provides for the following remedies:

> In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

49.     DEFENDANTS have the ability to pay minimum wages for all time worked and have willfully refused to pay such wages with the intent to secure for DEFENDANTS a discount upon this indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud PLAINTIFF and the Class and have, therefore, also violated California Labor Code §226(a).

50.     As a result of DEFENDANTS' violations of the minimum wage and agreed upon contractual rates by failing to record and pay wages for all hours worked, DEFENDANTS violated California Labor Code §226(a) by inaccurately stating gross wages earned, total hours worked, deductions, net wages, gross wages, and other issues as described above. DEFENDANTS also violated California Labor Code §226.6 and IWC Wage Orders.

51.     Under California Labor Code § 558.1, "Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation." This applies to the individual defendants named herein because they violated or caused to be violated the Labor Code on behalf of the employer.

52.    WHEREFORE, PLAINTIFFS and the Class are entitled to recover the unpaid minimum wages (including double minimum wages), liquidated damages in an amount equal to the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a) and 218.5.

### COUNT FOUR

**FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF**
(Labor Code §§ 203, 226, 226.7, 1194 and Wage Orders)
All PLAINTIFFS against all DEFENDANTS

53.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

54.    California Labor Code §226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

55.    The applicable Wage Order states with regards to rest periods:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

56.     DEFENDANTS violated California Labor Code §226.7 and the wage orders by failing to schedule rest periods and by failing to provide one hour of additional wages at the employees' regular rate of compensation for each work day that the rest periods were not provided.

57.     PLAINTIFFS and, on information and belief, the Class Members JUAREZ seeks to represent, did not voluntarily or willfully waive rest periods.   Any express or implied waivers obtained from PLAINTIFFS and/or Class Members was not willfully obtained, were not voluntarily agreed to, were a condition of employment, or were part of an unlawful contract of adhesion.   DEFENDANTS did not provide, permit or authorize PLAINTIFFS and, on information and belief, Class Members to take rest periods in accordance with law or, if provided, did not pay for such time.

58.     As a result of the unlawful acts of DEFENDANTS, PLAINTIFFS and the Class JUAREZ seeks to represent have been deprived of wages, which is an amount resulting directly from the acts complained of.

59.     Under California Labor Code § 558.1, "Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation." This applies to the individual defendants named herein because they violated or caused to be violated the Labor Code on behalf of the employer.

60.     WHEREFORE, PLAINTIFFS and the Class are entitled to recover the unpaid additional or premium wages, interest thereon, reasonable attorney's fees and costs of suit pursuant to California Labor Code §1194(a).

## COUNT FIVE

**FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF**
(Labor Code §§ 203, 226, 226.7, 512, 1194 and Wage Orders)
All PLAINTIFFS against all DEFENDANTS

61.     PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

62.     DEFENDANTS failed to comply with the requirement under California law regarding meal periods. PLAINTIFFS and, on information and belief, the Class were not afforded meal periods as required by California law, since meal periods were not scheduled, PLAINTIFFS and the Class were routinely required to work without thirty-minute, uninterrupted meal periods, and PLAINTIFFS and the Class were not compensated for missed meal periods.

63.     California Labor Code §226.7 states

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
>
> (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

64.     The applicable wage order issued by the Industrial Welfare states with regards to meal periods:

> (A)     No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.  Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.  An "on duty meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.
>
> (B)     If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

A similar provision is contained at California Labor Code §512.

65.     PLAINTIFFS and the Class did not voluntarily or willfully waive rest and/or meal periods. Any express or implied waivers obtained from PLAINTIFFS and the Class was not willfully obtained or voluntarily agreed to, but rather was a condition of employment or part of an unlawful contract of adhesion.

66.     PLAINTIFFS and the Class were scheduled and required to work for periods of more than five hours without an off-duty meal period of at least 30 minutes, and DEFENDANTS violated California law by failing to comply with the meal period requirements mandated by Labor Code §226.7 and the applicable Wage Orders. As such, DEFENDANTS are liable for one hour of pay at the employee's regular rate of compensation for each workday that meal periods were not provided.

67.     By failing to keep adequate time records required by §§226 and 1174(d) of the Labor Code, DEFENDANTS have injured PLAINTIFFS and the Class and made it difficult to calculate the unpaid meal period compensation due to PLAINTIFFS and the Class.

68.     As a result of the unlawful acts of DEFENDANTS, PLAINTIFFS and the Class have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, 512, 1194, and applicable Wage Orders.

69.     Under California Labor Code § 558.1, "Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation." This applies to the individual defendants named herein because they violated or caused to be violated the Labor Code on behalf of the employer.

70.     WHEREFORE, PLAINTIFFS and the Class request relief as described herein and below.

### COUNT SIX

FAILURE TO PAY TIMELY WAGES AFTER TERMINATION OR RESIGNATION
(Labor Code §§ 201, 202 & 203)
All PLAINTIFFS against all DEFENDANTS

71.     PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

72.     California Labor Code Section 201(a) states:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. . . .

73.     California Labor Code Section 202(a) states:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

74.     DEFENDANTS willfully failed to timely pay PLAINTIFFS and a large portion of the proposed Class all of their wages due for work performed and this failure continued through the time in which PLAINTIFFS and many Class Members quit or were discharged from their employment with DEFENDANTS.  As a result, DEFENDANTS violated California Labor Code §§ 201 and 202.

75.     California Labor Code § 203 states:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days… Suit may be filed for these penalties at any time before the expiration of the statute of limitations on any action for the wages from which the penalties arose.

76.     The statute of limitations for an action for the wages at issue is four years pursuant to California Business and Professions Code § 17208 and California case law.  As noted

above, DEFENDANTS violated California Labor Code §§ 201 and 202 by failing to pay non-exempt employees who quit, were involuntarily terminated, released after a specific job assignment or time duration, or were otherwise discharged all of the wages due pursuant to the timelines provided in those sections.  DEFENDANTS willfully failed to pay all wages due as the failure to pay was not inadvertent or accidental.

77.    PLAINTIFFS and the Class ENRIQUEZ seeks to represent are entitled to compensation for all forms of wages earned, including, but not limited to, compensation for work done "off-the-clock" and/or at hourly rates below the minimum or double wage, overtime premium wages; additional wages for unprovided rest and meal periods, and other claims described in this complaint, but to date have not received such compensation therefore entitling them to penalties under Labor Code § 203.

78.    More than 30 days have passed since PLAINTIFFS and many affected Class Members have left DEFENDANTS' employ, and on information and belief, have not received payment pursuant to Labor Code §§ 201, 202 and 203.  As a consequence of DEFENDANTS' willful conduct in not paying all earned wages, PLAINTIFFS and many Class Members are entitled to 30 days' wages as a premium wage or penalty under California Labor Code §203.

79.    Under California Labor Code § 558.1, "Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation." This applies to the individual defendants named herein because they violated or caused to be violated the Labor Code on behalf of the employer.

80.    WHEREFORE, PLAINTIFFS and the Class ENRIQUEZ, et. al seek to represent are entitled to California Labor Code § 203 penalties in amounts to be determined at trial.

### COUNT SEVEN

FAILURE TO PROVIDE ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS
(Labor Code §§ 226, 1174, 1175 and Wage Orders)
All PLAINTIFFS against all DEFENDANTS

81.     PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

82.     California Labor Code Section 226(a) states:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing

> i)    gross wages earned,

> ii)   total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

> iii)  the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

> iv)   all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

> v)    net wages earned,

> vi)   the inclusive dates of the period for which the employee is paid,

> vii)  the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

> viii)   the name and address of the legal entity that is the employer, and

> ix)   all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

83.     DEFENDANT failed to provide "accurate itemized statements" to PLAINTIFFS and Class Members because the wage statements:

> a.   Falsely understated the gross wages earned by failing to pay for all hours worked

b.  Falsely understated the total hours worked by PLAINTIFFS and Class by ignoring the total of hours actually worked.

c.  Falsely understated the net wages earned by failing to pay for all hours worked.

d.  the name and address of the legal entity that is the employer

e.  Falsely understated the "number of hours worked at each hourly rate."

PLAINTIFFS and the Class suffered injury as a result of the above false wage statements.

84.    California Labor Code § 226(e) and (g)  provides for the remedy for the violations described above:

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

85.    In addition, Section 1174 of the California Labor Code, and the Wage Orders, require DEFENDANTS to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees.  DEFENDANTS have created a uniform practice of knowingly and intentionally failing to comply with California Labor Code § 1174.  The failure of DEFENDANTS, and each of them, to comply with California Labor Code § 1174 is unlawful pursuant to California Labor Code § 1175.  When an employer fails to keep such records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.  *Hernandez v. Mendoza*, 199 Cal. App. 3d 721 (1988).

86.    By failing to keep adequate time records required by Sections 226 and 1174 (d) of the California Labor Code, DEFENDANTS have injured PLAINTIFF and Class Members and

1  made it difficult to calculate the unpaid wages due PLAINTIFF and members of the Class and

2  PLAINTIFFS and each Class member so injured is entitled up to $4,000.00 in penalties.

3         87.     Under California Labor Code § 558.1, "Any employer or other person acting on

4  behalf of an employer, who violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6,

5  1194, or 2802, may be held liable as the employer for such violation." This applies to the

6  individual defendants named herein because they violated or caused to be violated the Labor

7  Code on behalf of the employer.

8         88.     WHEREFORE, PLAINTIFFS and the Class ENRIQUEZ et. al seek to represent

9  are entitled to California Labor Code § 226(e) in an amount to be determined at trial, not to

10  exceed $4,000 per PLAINTIFFS and Class Members, cost of suit, attorneys' fees and injunctive

11  relief per California Labor Code § 226(g).

12

13                              **COUNT EIGHT**

14            ACTS IN VIOLATION OF UNFAIR COMPETITION LAW
             (Business & Professions Code §§ 17200 *et seq.*)
15          All PLAINTIFFS against DEFENDANT AHO ENTERPRISES, INC.

16         89.     PLAINTIFFS incorporate all preceding paragraphs as though fully set forth

17  herein.

18         90.     DEFENDANTS engaged in unlawful activity prohibited by Business and

19  Professions Code §§ 17200 *et seq.*   The actions of DEFENDANTS as alleged within this

20  complaint, create an unlawful and unfair business practices within the meaning of Business and

21  Professions Code §§ 17200 *et seq.*

22         91.     As described above, DEFENDANTS have conducted the following <u>unlawful</u>

23  activities:

24               a)  violations of the FLSA, 29 U.S.C. §201, et seq. by failing to pay
                 overtime compensation;

25               b)  violation of California Labor Code § 201, 202 and 203 by failing to

26               pay all wages earned and unpaid at the time of certain Class Members'
                 discharge from employment by DEFENDANTS;

27

28

c)   violation of California Labor Code § 206 by failing to pay, without condition and within the time set by the applicable article, all wages, or parts to be due;

d)   violation of California Labor Code § 216 by willfully refusing to pay wages due and payable by falsely denying the amount or validity thereof, or that the same is due, with intent to secure for itself any discount upon such indebtedness, and with intent to annoy, harass, oppress, hinder, delay, or defraud, the Class Members to whom such indebtedness is due;

e)   violation of California Labor Code § 226 by failing to provide Class Members with accurate wage statements;

f)   violation of California Labor Code § 226.7 by requiring Class Members to work during rest periods (or not paying Class Members during breaks taken) mandated by the applicable Wage Order and failing to provide said Class Members one (1) hour additional wages at the non-exempt employee's regular rate of compensation for each work day that the meal or rest period is not provided;

g)   violation of California Labor §510, IWC wage orders by failing to pay overtime;

h) violation of California Labor Code § 512 and IWC wage orders by failing to provide timely, uninterrupted, 30-minute meal periods or premiums;

i) violation of California Labor Code § 1194 by failing to pay minimum and/or overtime wages for all hours worked by Class Members;

92.   DEFENDANTS' activities also constitute <u>unfair</u> practices in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*, because DEFENDANTS' practices violate the above noted laws, and/or violate an established public policy and/or the practice is immoral, unethical, oppressive, unscrupulous, and substantially injurious to PLAINTIFFS and the Class.

93.   As a result of DEFENDANTS' violations of the Labor Code, PLAINTIFFS have suffered injury-in-fact and have lost money or property as a result of DEFENDANTS' practices. This injury-in-fact and loss of money or property consists of the lost wages and other restitutionary remedies provided by the Labor Code as detailed in this complaint and other resulting harms.   A tally of these damages cannot readily be determined as the employment records are held exclusively or nearly exclusively in DEFENDANTS' control.   PLAINTIFFS are entitled to restitution, an injunction, declaratory and other equitable relief against such unlawful practices to prevent future damage for which there is no adequate remedy at law, and to avoid a

1  multiplicity of lawsuits.  PLAINTIFFS are also seeking in the alternative, by this class action,

2  restitutionary disgorgement of such monies into a fluid recovery fund.

3       94.    As a result of their unlawful acts, DEFENDANTS have reaped and continue to

4  reap unfair benefits and unlawful profits at the expense of PLAINTIFFS and the Class

5  ENRIQUEZ et. al seek to represent.  DEFENDANTS should be enjoined from this activity and

6  made to disgorge these ill-gotten gains and restore to PLAINTIFFS and the members of the

7  Class the wrongfully withheld wages pursuant to Business and Professions Code § 17203.

8  PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS are unjustly

9  enriched through their failure to pay legal wages, and/or other remedies.  PLAINTIFFS are

10 informed and believe, and thereon allege, that PLAINTIFFS and members of the Class are

11 prejudiced by DEFENDANTS unfair trade practices.

12      95.    As a direct and proximate result of the unfair business practices of

13 DEFENDANTS, and each of them, PLAINTIFFS, individually and on behalf of all employees

14 similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or

15 disgorgement of all wages which have been unlawfully withheld from PLAINTIFFS and

16 members of the Class as a result of the business acts and practices described herein and enjoining

17 DEFENDANTS to cease and desist from engaging in the practices described herein for the

18 maximum time permitted pursuant to Business and Professions Code §17208 including any

19 tolling.

20      96.    The unlawful and unfair conduct alleged herein is continuing, and there is no

21 indication that DEFENDANT will refrain from such activity in the future.  PLAINTIFFS believe

22 and alleges that if DEFENDANT are not enjoined from the conduct set forth in this Complaint,

23 they will, continue to violate California and federal labor laws. PLAINTIFFS further request that

24 the court issue a preliminary and permanent injunction.

25      97.    WHEREFORE, PLAINTIFFS and the Class they seek to represent request relief

26 as described herein and below.

27

28

## VI.    PRAYER

WHEREFORE, PLAINTIFFS pray for judgment as follows:

a)  That the Court determine that this action may be maintained as a class and collective action with the named PLAINTIFFS appointed as class representatives;

b)  For the attorneys appearing on the above caption to be named class counsel;

c)  For compensatory damages in an amount according to proof with interest thereon;

d)  For a declaratory judgment that each of the DEFENDANTS violated the PLAINTIFFS' and the Class Members' rights under FLSA, California Labor and Business and Professions Codes as set forth in the preceding paragraphs;

e)  That DEFENDANTS be ordered to make restitution to the Class due to their unfair competition;

f)  That DEFENDANTS be enjoined from continuing the unlawful course of conduct, alleged herein;

g)  For premium pay, wages, and penalties;

h)  For attorneys' fees, interest and costs of suit;

i)  For damages and liquidated damages;

j)  For all other relief provided by the FLSA, the California Labor Code, and California Business and Professions Code;

k)  For such other and further relief as the Court deems just and proper;

## <u>DEMAND FOR JURY TRIAL</u>

PLAINTIFFS hereby demand trial of his and the Class' claims by jury to the extent authorized by law.

//
//
//

Class and Collective Action Complaint          - 27 -          Demand for Jury Trial

1

Dated:  January 23, 2019.

MALLISON & MARTINEZ
Attorneys for Plaintiffs

2

3

By: /s/ David Gomez _____

4

David Gomez

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28