1  Stan S. Mallison (Bar No. 184191)
     StanM@TheMMLawFirm.com
2  Hector R. Martinez (Bar No. 206336)
     HectorM@TheMMLawFirm.com
3  Liliana Garcia (Bar No. 311396)
     LGarcia@TheMMLawFirm.com
4  MALLISON & MARTINEZ
   1939 Harrison Street, Suite 730
5  Oakland, California 94612
   Telephone: (510) 832-9999
6  Fax: (510) 832-1101

7  Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE SALVADOR SANDOVAL ORTEGA, J. GUADALUPE ALANIZ, EFRAIN HENRIQUEZ, NORBERTO RODRIGUEZ, JOSE LUIS CORREA MARTINEZ, MELVIN EFRAIN GOODY RAMIREZ, EDUARDO RODRIGUEZ, RODOLFO VAZQUEZ, DANIEL VALENCIA, and JOSE VALENCIA on behalf of themselves and a class of similarly situated individuals, | Case No. 4:19-cv-00404-DMR |
| | SECOND AMENDED CLASS, COLLECTIVE AND PAGA ACTION COMPLAINT FOR: |
| Plaintiffs, | 1. Federal Fair Labor Standards Act Violation; |
| vs. | 2. Failure to Pay California Overtime Wages; |
| | 3. Failure to Pay California Minimum and Contractual Wages; |
| AHO ENTERPRISES, INC. (dba "SUPERIOR BODY SHOP"); JACK AHO, ISSA AHO, HANI AHO and DOES 1 through 30, inclusive, | 4. Failure to Comply with California Rest Period Requirements; |
| | 5. Failure to Comply with California Meal Period Requirements; |
| Defendants. | 6. Failure to Pay Timely Wages under California law; |
| | 7. Failure to Provide Accurate California Itemized Employee Wage Statements; |
| | 8. Violation of California Unfair Competition Law; |
| | NON-CLASS COMPLAINT FOR: |
| | 9. Penalties Under LC 2698 *et seq.* |

1

PLAINTIFFS JOSE SALVADOR SANDOVAL ORTEGA, J. GUADALUPE ALANIZ, EFRAIN HENRIQUEZ, NORBERTO RODRIGUEZ, JOSE LUIS CORREA MARTINEZ, MELVIN EFRAIN GOODY RAMIREZ, EDUARDO RODRIGUEZ, RODOLFO VAZQUEZ, DANIEL VALENCIA, and JOSE VALENCIA (collectively "PLAINTIFFS") bring this action against AHO ENTERPRISES INC. (dba "SUPERIOR BODY SHOP"); ISSA AHO, JACK AHO, and HANI AHO and DOES 1 through 30, inclusive (collectively "DEFENDANTS"), on behalf of themselves, all others similarly situated, and the State of California. PLAINTIFFS assert the allegations based on personal knowledge and on information and belief. The allegations below made on information and belief are likely to have evidentiary support after further opportunity for discovery and investigation.

## I.     NATURE OF THE ACTION

This action is brought on behalf of PLAINTIFFS in four capacities: (a) individually; (b) as FRCP Rule 23 representative of a class or various subclasses of non-exempt employees employed by, or formerly employed by, DEFENDANTS; (c) as a Fair Labor Standards Act ("FLSA") collective action (29 U.S.C. § 216(b)); (d) as a class representative in the interest of the general public under the Unfair Competition Law ("UCL") (Cal. Business & Professions Code §§17200 *et seq.*).

This action also seeks relief under the Private Attorney's General Act ("PAGA") (Cal. Labor Code §§ 2698 *et seq.*), on a non-class representative basis. As set forth in the case of *Arias v. Superior Court*, the California Supreme Court held that an aggrieved employee seeking PAGA penalties on behalf of current and former employees does so as a "proxy" for the State of California and, thus, need not satisfy class certification requirements. 46 Cal. 4th 969, 981 (2009). As such, PLAINTIFFS' tenth cause of action on behalf of DEFENDANTS' workforce is not subject to class certification. After satisfying administrative requirements under Labor Code § 2699.3, the PAGA empowers an aggrieved employee to seek penalties on behalf of himself, the State and current or former employees that are otherwise recoverable only by the Labor

Commissioner. PLAINTIFFS will comply with Labor Code § 2699.3 and will be entitled thus to assert a PAGA claim. True and correct copies of the notices demonstrating compliance with Labor Code § 2699.3 are attached hereto as Exhibit A.

DEFENDANTS' violations revolve around their failure to pay all wages when due; failure to pay employees overtime wages; failure to comply with minimum and contractual wage requirements; failure to comply with rest and meal period requirements; and failure to comply with the record-keeping, wage statement and payment deadline provisions of California law.  As a result of these violations, DEFENDANTS have violated the Fair Labor Standards Act 29 U.S.C. § 216 and 216(b), as well as provisions of California labor laws and the California unfair competition law, and are liable to the State of California, Plaintiff and current and former employees for civil penalties, pursuant to PAGA.

## JURISDICTION & VENUE

1.      This Court is a proper venue, since substantially all events giving rise to this lawsuit have occurred in this District, and specifically in San Mateo County.

2.      Subject matter jurisdiction of this Court is based on the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. and the supplemental jurisdiction of this Court.

3.      At all times relevant, on information and belief, the annual gross volume of sales of DEFENDANTS was not less than $500,000.00, and many products used were manufactured outside the State of California.

4.      At all times relevant, DEFENDANTS conducted business through interstate commerce such that they are covered by the Fair Labor Standards Act.

## II.      PARTIES

**PLAINTIFFS**

5.      Plaintiff EFRAIN HENRIQUEZ ("HENRIQUEZ") is a California resident. During the class period HENRIQUEZ was employed by DEFENDANTS as a non-exempt

3

employee at DEFENDANTS' facilities.   HENRIQUEZ was hired pursuant to written and implied contracts of employment impliedly or explicitly promising to pay in conformance with Federal and California wage and hour requirements.   The text of any written terms of contract are contained within DEFENDANTS' records.   HENRIQUEZ and the class were required by DEFENDANTS to provide their own tools and therefore were required to be paid twice the California minimum wage. As such, by operation of law and implied into any employment contract, HENRIQUEZ must be paid in conformance with California labor laws and therefore be paid at least $18.00 per hour for all hours worked during 2015, $20.00 for all hours worked during 2016, and $21.00 for all hours worked during 2017 and $22.00 for all hours worked during 2018.   HENRIQUEZ has worked for DEFENDANT during Class Period as defined below.  HENRIQUEZ was employed by DEFENDANT to work in DEFENDANTS' facilities in California as a non-exempt employee.   As a result of DEFENDANTS' violations described herein, HENRIQUEZ has suffered injury in fact and has lost money or property. As such, he is an aggrieved employee.

6.      Plaintiff J. GUADALUPE ALANIZ ("ALANIZ") is a California resident. During the period covered by this lawsuit, ALANIZ was employed by DEFENDANTS as a non-exempt employee at DEFENDANTS' facility in San Mateo known as SUPERIOR BODY SHOP. ALANIZ was primarily employed as a non-exempt employee and was required to provide his own tools and therefore required to be paid at twice the California minimum wage. As a result of DEFENDANTS' violations described herein, ALANIZ has suffered injury in fact and has lost money or property. ALANIZ is an aggrieved employee within the meaning of PAGA.

7.      Plaintiff JOSE SALVADOR SANDOVAL ORTEGA ("SANDOVAL ORTEGA") is a California resident.   During the class period SANDOVAL ORTEGA was employed by DEFENDANTS as a non-exempt employee at DEFENDANTS' facilities. SANDOVAL ORTEGA was hired pursuant to written and implied contracts of employment impliedly or explicitly promising to pay in conformance with Federal and California wage and hour requirements.   The text of any written terms of contract are contained within

DEFENDANTS' records.   SANDOVAL ORTEGA and the class were required by DEFENDANTS to provide their own tools and therefore were required to be paid twice the California minimum wage.   As such, by operation of law and implied into any employment contract, SANDOVAL ORTEGA must be paid in conformance with California labor laws and therefore be paid at least $18.00 per hour for all hours worked during the years 2014 and 2015, $20.00 for all hours worked during 2016, and $21.00 for all hours worked during 2017 and $22.00 for all hours worked during 2018.   SANDOVAL ORTEGA has worked for DEFENDANT during Class Period as defined below.  SANDOVAL ORTEGA was employed by DEFENDANT to work in DEFENDANTS' automobile facilities in California as a non-exempt employee.  As a result of DEFENDANTS' violations described herein, SANDOVAL ORTEGA has suffered injury in fact and has lost money or property. As such, he is an aggrieved employee.

8.      Plaintiff NORBERTO RODRIGUEZ ("RODRIGUEZ") is a California resident. During the class period RODRIGUEZ was employed by DEFENDANTS as a non-exempt employee at DEFENDANTS' facilities.   RODRIGUEZ was hired pursuant to written and implied contracts of employment impliedly or explicitly promising to pay in conformance with Federal and California wage and hour requirements.  The text of any written terms of contract are contained within DEFENDANTS' records.  RODRIGUEZ and the class were required by DEFENDANTS to provide their own tools and therefore were required to be paid twice the California minimum wage.  As such, by operation of law and implied into any employment contract, RODRIGUEZ must be paid in conformance with California labor laws and therefore be paid at least $18.00 per hour for all hours worked during the years 2014 and 2015, $20.00 for all hours worked during 2016, and $21.00 for all hours worked during 2017 and $22.00 for all hours worked during 2018.  RODRIGUEZ has worked for DEFENDANT during Class Period as defined below.  RODRIGUEZ was employed by DEFENDANT to work in DEFENDANTS' facilities in California as a non-exempt employee.  As a result of DEFENDANTS' violations described herein, RODRIGUEZ has suffered injury in fact and has lost money or property. As such, he is an aggrieved employee.

9. Plaintiff JOSE LUIS CORREA MARTINEZ ("MARTINEZ") is a California resident. During the class period MARTINEZ was employed by DEFENDANTS as a non-exempt employee at DEFENDANTS' facilities. MARTINEZ was hired pursuant to written and implied contracts of employment impliedly or explicitly promising to pay in conformance with Federal and California wage and hour requirements.  The text of any written terms of contract are contained within DEFENDANTS' records. MARTINEZ and the class were required by DEFENDANTS to provide their own tools and therefore were required to be paid twice the California minimum wage.  As such, by operation of law and implied into any employment contract, MARTINEZ must be paid in conformance with California labor laws and therefore be paid at least $18.00 per hour for all hours worked during the years 2014 and 2015, $20.00 for all hours worked during 2016, and $21.00 for all hours worked during 2017 and $22.00 for all hours worked during 2018. MARTINEZ has worked for DEFENDANT during Class Period as defined below.  MARTINEZ was employed by DEFENDANT to work in DEFENDANTS' facilities in California as a non-exempt employee.  As a result of DEFENDANTS' violations described herein, MARTINEZ has suffered injury in fact and has lost money or property. As such, he is an aggrieved employee.

10. Plaintiff MELVIN EFRAIN GOODY RAMIREZ ("RAMIREZ") is a California resident.  During the class period RAMIREZ was employed by DEFENDANTS as a non-exempt employee at DEFENDANTS' facilities. RAMIREZ was hired pursuant to written and implied contracts of employment impliedly or explicitly promising to pay in conformance with Federal and California wage and hour requirements.  The text of any written terms of contract are contained within DEFENDANTS' records. RAMIREZ and the class were required by DEFENDANTS to provide their own tools and therefore were required to be paid twice the California minimum wage.  As such, by operation of law and implied into any employment contract, RAMIREZ must be paid in conformance with California labor laws and therefore be paid at least $18.00 per hour for all hours worked during the years 2014 and 2015, $20.00 for all hours worked during 2016, and $21.00 for all hours worked during 2017 and $22.00 for all hours

1    worked during 2018.  RAMIREZ has worked for DEFENDANT during Class Period as defined

2    below.  RAMIREZ was employed by DEFENDANT to work in DEFENDANTS' facilities in

3    California as a non-exempt employee.  As a result of DEFENDANTS' violations described

4    herein, RAMIREZ has suffered injury in fact and has lost money or property. As such, he is an

5    aggrieved employee.

6         11.    Plaintiff EDUARDO RODRIGUEZ ("E. RODRIGUEZ") is a California resident.

7    During the class period E. RODRIGUEZ was employed by DEFENDANTS as a non-exempt

8    employee at DEFENDANTS' facilities.  E. RODRIGUEZ was hired pursuant to written and

9    implied contracts of employment impliedly or explicitly promising to pay in conformance with

10   Federal and California wage and hour requirements.  The text of any written terms of contract

11   are contained within DEFENDANTS' records. E. RODRIGUEZ and the class were required by

12   DEFENDANTS to provide their own tools and therefore were required to be paid twice the

13   California minimum wage.  As such, by operation of law and implied into any employment

14   contract, E. RODRIGUEZ must be paid in conformance with California labor laws and therefore

15   be paid at least $18.00 per hour for all hours worked during the years 2014 and 2015, $20.00 for

16   all hours worked during 2016, and $21.00 for all hours worked during 2017 and $22.00 for all

17   hours worked during 2018.  E. RODRIGUEZ has worked for DEFENDANT during Class Period

18   as defined below.   E. RODRIGUEZ was employed by DEFENDANT to work in

19   DEFENDANTS' facilities in California as a non-exempt employee.  As a result of

20   DEFENDANTS' violations described herein, E. RODRIGUEZ has suffered injury in fact and

21   has lost money or property. As such, he is an aggrieved employee.

22        12.    Plaintiff RODOLFO VAZQUEZ ("VAZQUEZ") is a California resident.  During

23   the class period VAZQUEZ was employed by DEFENDANTS as a non-exempt employee at

24   DEFENDANTS' facilities. VAZQUEZ was hired pursuant to written and implied contracts of

25   employment impliedly or explicitly promising to pay in conformance with Federal and California

26   wage and hour requirements. The text of any written terms of contract are contained within

27   DEFENDANTS' records. VAZQUEZ and the class were required by DEFENDANTS to provide

28

7

their own tools and therefore were required to be paid twice the California minimum wage.  As such, by operation of law and implied into any employment contract, VAZQUEZ must be paid in conformance with California labor laws and therefore be paid at least $18.00 per hour for all hours worked during the years 2014 and 2015, $20.00 for all hours worked during 2016, and $21.00 for all hours worked during 2017 and $22.00 for all hours worked during 2018. VAZQUEZ has worked for DEFENDANT during Class Period as defined below.  VAZQUEZ was employed by DEFENDANT to work in DEFENDANTS' facilities in California as a non-exempt employee.  As a result of DEFENDANTS' violations described herein, VAZQUEZ has suffered injury in fact and has lost money or property. As such, he is an aggrieved employee.

13.    Plaintiff DANIEL VALENCIA ("D. VALENCIA") is a California resident. During the period covered by this lawsuit, D. VALENCIA was employed by DEFENDANTS as a non-exempt employee at DEFENDANTS' facility in San Mateo known as SUPERIOR BODY SHOP. D. VALENCIA was primarily employed as a non-exempt employee and was required to provide his own tools and therefore required to be paid at twice the California minimum wage. As a result of DEFENDANTS' violations described herein, D. VALENCIA has suffered injury in fact and has lost money or property. D. VALENCIA is an aggrieved employee within the meaning of PAGA.

14.    Plaintiff JOSE VALENCIA ("J. VALENCIA") is a California resident.  During the class period J. VALENCIA was employed by DEFENDANTS as a non-exempt employee at DEFENDANTS' facilities.  J. VALENCIA was hired pursuant to written and implied contracts of employment impliedly or explicitly promising to pay in conformance with Federal and California wage and hour requirements.  The text of any written terms of contract are contained within DEFENDANTS' records. J. VALENCIA and the class were required by DEFENDANTS to provide their own tools and therefore were required to be paid twice the California minimum wage.  As such, by operation of law and implied into any employment contract, J. VALENCIA must be paid in conformance with California labor laws and therefore be paid at least $18.00 per hour for all hours worked during the years 2014 and 2015, $20.00 for all hours worked during

2016, and $21.00 for all hours worked during 2017 and $22.00 for all hours worked during 2018. J. VALENCIA has worked for DEFENDANT during Class Period as defined below. J. VALENCIA was employed by DEFENDANT to work in DEFENDANTS' facilities in California as a non-exempt employee.  As a result of DEFENDANTS' violations described herein, J. VALENCIA has suffered injury in fact and has lost money or property. As such, he is an aggrieved employee.

15.     On information and belief, PLAINTIFFS, and each member of the Class seeks to represent, were regularly subjected to, or had personal knowledge of, the violations described in this Complaint and/or the allegations contained herein made on information and belief based upon investigation of counsel.  Each member of the purported class non-exempt employees working at any AHO ENTERPRISES, INC. facility are therefore witnesses to the allegations of this Complaint.

**DEFENDANTS**

16.     On information and belief, Defendants JACK AHO, ISSA AHO and HANI AHO, and Does 1 through 30 are hereinafter called the "Non-Corporate" Defendants. On information and belief, Jack Aho owned Aho Enterprises, Inc. and is Chief Financial Officer, and controlled the illegal payroll policies and directly told employees not to take legally mandated breaks, Issa Aho owned Aho Enterprises, Inc. and is Chief Executive Officer, and controlled the illegal payroll policies and directly told employees not to take legally mandated breaks, and Hani Aho owned Aho Enterprises, Inc. and is Secretary, and controlled the illegal payroll policies and directly told employees not to take legally mandated breaks. These individuals own and control various auto body repair shops under the name of SUPERIOR BODY SHOP.   Joint and severable liability attaches against Non-Corporate Defendants under the following:

(a)     Non-Corporate Defendants are liable under California Labor Code § 558.1 in that they are each a "person" who violated or caused to be violated overtime laws found at Labor

1    Code section 203, 226, 226.7, 1193.6, 1194 and 2802, among other requirements under the
2    Labor Code and Wage Orders.

3        (b)    Non-Corporate Defendants are liable under the PAGA as they violated California
4    Labor Code §§ 558 and 1197.1 in that they are each a "person" who violated or caused to be
5    violated overtime laws found in the Labor Code, as well as other requirements under the Wage
6    Orders.

7        17.    On information and belief, Defendant AHO ENTERPRISES, INC. ("SUPERIOR
8    BODY SHOP") is a California corporation with the following corporate address 956 Bransten
9    Road, San Carlos, CA 94070. The address for the shop and Agent for Service of Process, JACK
10   AHO, is 956 Bransten Road, San Carlos, CA 94070. PLAINTIFFS allege that ISSA AHO,
11   JACK AHO and HANI AHO are liable under PAGA and Labor Code §§ 558, 1197.1, 2699(f)
12   and 18 as a "person" who violated or caused to be violated the Labor Code and Wage Orders
13   listed in this complaint, by exercising control over and involvement in the creation and/or
14   implementation of the wage and hour practices and policies that are the subject matter of this
15   complaint.

16       18.    DEFENDANTS' violations as described in this complaint were knowing,
17   intentional, deliberate and willful.

### III.    FACTUAL BACKGROUND

20       19.    This is a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure
21   and a Collective action pursuant to FSLA, 29 U.S.C. §216(b), to vindicate the rights afforded the
22   class by the FLSA, California Labor Code and California Business and Professions Code
23   §§ 17200 *et seq.*, and is brought on behalf of PLAINTIFFS and a Class comprised of all current
24   and former non-exempt employees of DEFENDANTS at SUPERIOR BODY SHOP facilities.
25   The action is also a non-class representative action pursuant to the PAGA. PLAINTIFF seeks
26   recovery of wages and compensation owed for the maximum allowable period (the "Class
27   Period"), as set forth below.  For at least four years prior to the filing of this action and to the

28

present, DEFENDANTS maintained and enforced against their non-exempt employees the following unlawful practices and policies, in violation of FLSA and/or California wage and hour laws:

a.   failure to pay Class Members, including PLAINTIFFS, all overtime wages due pursuant to the Fair Labor Standards Act, California Labor Code and Industrial Welfare Commission Wage Orders. For example, workers would track time and be paid compensated separately for overtime work at their regular rate of pay.

b.   failure to provide paid rest periods or to pay PLAINTIFFS and the Class additional pay for missed rest periods, in violation of California law. For example, workers were not provided rest breaks, and if they tried to take a break they would be told not to.

c.   failure to provide timely unpaid meal periods of at least 30 minutes per five hours worked on shifts of at least six hours, and failing to pay PLAINTIFFS and the Class additional pay for such missed meal periods in violation of California law; For example, workers often started at 7:00 a.m. and were instructed not to take their meals until well after noon. As another example, workers would be told not to take meal breaks if customers were waiting, which would delay the break even further.

d.   failure to provide Class Members, including PLAINTIFFS, with accurate itemized wage statements as required by California law; For example, wage statements would not have accurate hours.

e.   failure to pay Class Members, including PLAINTIFFS, statutory penalties pursuant to California Labor Code §§ 201, 202, 203 and other California law upon termination or resignation;

Second Amended Complaint                              Case No. 4:19-cv-00404-DMR

20.     On information and belief, DEFENDANTS were on notice of the improprieties alleged herein, and intentionally refused to rectify their unlawful policies.   DEFENDANTS' violations alleged above, during all relevant times herein was willful and deliberate.

21.     DEFENDANTS have made it difficult to account with precision for the unlawfully withheld wages due DEFENDANTS' non-exempt employees, including PLAINTIFFS, during all relevant times herein, because DEFENDANTS did not implement and preserve a record-keeping method to accurately record all hours worked and to accurately record correct wages.

## IV.     CLASS ACTION ALLEGATIONS

22.     Plaintiffs bring this action on behalf of themselves and all similarly situated workers pursuant to the Federal Rules of Civil Procedure 23 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.   Plaintiffs seek to represent the following class:

> **CALIFORNIA SUPERIOR BODY SHOP CLASS**:  All non-exempt persons who are employed or have been employed by DEFENDANTS in California within four (4) years of the filing of this Complaint through the date of final disposition of this action.

23.     Plaintiffs reserve the right to amend or modify the class description with greater specificity to further divide into subclasses or to limit to particular issues.

24.     Plaintiffs also seek to represent the following opt-in FLSA Collective:

> **CALIFORNIA SUPERIOR BODY SHOP FLSA COLLECTIVE:**  All non-exempt persons who are or have been employed by DEFENDANTS in the State of California and who, within three (3) years of the filing of this Complaint through the date of final disposition of this action.

25.     On information and belief, the legal and factual issues are common to the Class and affected all Members of the Class.  PLAINTIFFS reserve the right to amend or modify the

Second Amended Complaint                                    Case No. 4:19-cv-00404-DMR

class description with greater specificity or further division into subclasses or limitation to particular issues.

**A.** **Numerosity**

26.   The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, PLAINTIFFS are informed and believes that DEFENDANTS during the relevant time periods likely employed more than a hundred body shop non-exempt employees in California who are, or have been, affected by DEFENDANTS' unlawful practices as alleged herein.  With turnover, the size of the class could potentially exceed two hundred members.

27.   Upon information and belief, PLAINTIFFS allege that DEFENDANTS' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

**B.** **Commonality**

28.   There are questions of law and fact common to the Class predominating over any questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

(a)   Whether DEFENDANTS failed and continues to fail to pay overtime compensation in violation of the FLSA, 29 U.S.C. §201, et seq.;

(b)   Whether DEFENDANTS violated §§ 17200 *et seq.* of the Business and Professions Code by the violation of California labor laws;

(c)   Whether DEFENDANTS violated the California Labor Code and Wage Orders as a result of the allegations described in this complaint;

(d)   Whether DEFENDANTS violated the California Labor Code and Wage Orders by compensating PLAINTIFF and other Class Members at rates below the required overtime rate;

(e)     Whether DEFENDANTS violated the California Labor Code and Wage Orders by failing to schedule rest periods or discouraging PLAINTIFF and Class Members from taking them, while failing to compensate said employees for missed rest periods in violation of California law;

(f)     Whether DEFENDANTS violated the California Labor Code and Wage Orders by failing to schedule meal periods or discouraging PLAINTIFF and Class Members from taking them, while failing to compensate said employees for missed meal periods in violation of California law;

(g)     Whether DEFENDANTS violated the California Labor Code and Wage Orders by failing to, among other things, maintain accurate records of PLAINTIFF and other Class Members' earned wages, work periods, hours worked and wages earned;

(h)     Whether DEFENDANTS violated the California Labor Code and Wage Orders by failing to pay all earned wages due and/or premium wages due and owing at the time that the employment of any Class Members, including PLAINTIFF, ended;

(i)     Whether DEFENDANTS failed to pay Class Members, including PLAINTIFF, statutory penalties pursuant to California Labor Code §§ 201, 202, 203;

(j)     Whether PLAINTIFF and other Class Members are entitled to damages, restitution, wages, statutory penalties, premium wages, declaratory, injunctive and declaratory relief, attorneys' fees, interest, and costs, and other relief pursuant to California Labor Code and Wage Orders, Business and Professions Code §§17200 *et seq.*; and

(k)     Whether PLAINTIFF, current and former employees and the State of California are entitled to penalties, civil penalties and wages pursuant to Labor Code §§ 2698 *et seq.*, 558 and 558.1, as a result of the violations listed above and herein.

(l)     There are no individualized factual or legal issues for the court to resolve that would prevent this case from proceeding as a class action.

### C.    Typicality

29.    The claims of the named PLAINTIFFS are typical of the claims of the Class. PLAINTIFFS and all members of the Class sustained injuries and damages arising out of and caused by DEFENDANTS' common course of conduct in violation of Federal and California laws, regulations, and statutes as alleged herein.

### D.    Adequacy of Representation

30.    PLAINTIFFS will fairly and adequately represent and protect the interests of the members of the Class.  PLAINTIFFS have no interests which are adverse to the Class.  Counsel who represent PLAINTIFFS are competent and experienced in litigating large employment class actions.

### E.    Superiority of Class Action

31.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of DEFENDANTS' unlawful policy and/or practices described herein.

32.    Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. PLAINTIFFS are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

### V.    CAUSES OF ACTION

33.    All causes of action described herein, except the Count Eight, are brought on behalf of PLAINTIFFS both individually and the Class.

**FIRST CAUSE OF ACTION**

**FEDERAL CLAIM**
*Violation of the Fair Labor Standards Act*
<u>29 U.S.C. §§ 207, 216(b), and 255(a)</u>
*Failure to Pay Overtime Wages and Minimum Wages*

All PLAINTIFFS against AHO ENTERPRISES, INC.

34.   Plaintiffs re-allege and incorporate the allegations of paragraphs 1-24 as if fully stated herein.

35.   At all relevant times herein, Plaintiffs' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*

36.   DEFENDANTS are engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

37.   DEFENDANTS routinely require and/or suffered or permitted Plaintiffs, including Opt-In Consenters and similarly situated workers, to work more than 40 hours per week, and routinely without paying them any overtime premium for hours worked in excess of 40 hours per week.

38.   In failing to pay Plaintiffs, including Opt-In Consenters and similarly situated workers, overtime wages at one-and-one-half times their regular rate of pay, DEFENDANTS willfully violated the FLSA.

39.   As a direct and proximate result of defendants' failure to pay proper wages under the FLSA, Plaintiffs, including Opt-In Consenters and similarly situated workers, incurred general damages in the form of lost overtime wages in an amount to be proved at trial.

40.   Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs, including Opt-In Consenters and similarly situated workers and similarly situated workers, their proper wages, and thus defendants are liable to Plaintiffs, including Opt-In Consenters and similarly situated workers, for liquidated damages in an amount equal to their lost wages over a three year statute of limitations plus tolling from other class actions pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA. Plaintiffs, including Opt-In Consenters and similarly situated workers, were required to

retain legal assistance in order to bring this action and, as such, are entitled to an award of reasonable attorney's fees pursuant to the FLSA. As a result, Defendant Aho Enterprises, Inc. is liable for all legally available remedies including those aforementioned in this complaint.

**COUNT TWO**

FAILURE TO PAY OVERTIME WAGES
(Labor Code §§ 500, 510, 1194 and Wage Orders)
All PLAINTIFFS against all DEFENDANTS

41.     PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

42.     Applicable California IWC Wage Orders require that overtime hours be compensated as follows:

> (a) One and one-half (1 1/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

> (b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

The Wage Orders are authorized under California Labor Code § 1185.

43.     California Labor Code § 500 defines, "workday" and "day" to mean any consecutive 24-hour period commencing at the same time each calendar day, and defines "workweek" and "week" to mean "any seven consecutive days starting with the same calendar day each week."

44.     As described herein, DEFENDANTS violated the above Wage Orders, by employing PLAINTIFFS and the Class in excess of the limits provided by these wage orders without time and one half or double time pay of regular or piece rates.

45.     PLAINTIFFS, individually and on behalf of the Class, may enforce these provisions pursuant to Labor Code § 1194(a) and Business and Professions Code §§ 17200 *et seq.* California Labor Code § 1194(a) states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

46.     Under California Labor Code § 558.1, "Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation." This applies to the individual defendants named herein because they violated or caused to be violated the Labor Code on behalf of the employer.

47.     WHEREFORE, PLAINTIFFS and the Class are entitled to the unpaid balance of the full amount of the above noted overtime compensation, interest, reasonable attorney's fees, and costs of suit pursuant to California Labor Code § 1194(a).

## COUNT THREE

### FAILURE TO PAY MINIMUM OR CONTRACTUAL WAGES
(Labor Code §§ 226, 226.6, 1194, 1194(a), 1194.2, 1197 and Wage Orders)
All PLAINTIFFS against all DEFENDANTS

48.     PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

49.     DEFENDANTS failed to pay at least the minimum wage rates "for all hours worked," or the contractual or agreed upon rates for all hours worked.

50.     The failure to properly compensate PLAINTIFFS results from DEFENDANTS following wage and hour practices (among others described in this complaint): (1) failing to record accurately employees' work periods, meal periods, and hours worked, and (2) failing to pay for all hours worked, including recorded and unrecorded hours.

51.     California Labor Code §1197, entitled "Pay of Less Than Minimum Wage" states:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

18

52.     The applicable minimum wages fixed by the commission for work during the years 2015-2019 is found in the Wage Orders which state that:

> Every employer shall pay to each employee wages not less than . . . six dollars and seventy-five cents ($6.75) per hour for all hours worked effective January 1, 2002 . . .

These Orders were amended to provide for a minimum wage $9.00 per hour for all hours worked during the years 2015, $10.00 for all hours worked during 2016, $10.50 for all hours worked during 2017, $11.00 for all hours worked during 2018 and $12.00 for all hours worked during 2019. PLAINTIFFS and the Class provided tens of thousands of dollars of their own tools necessary to complete the work assigned.  Pursuant to the Wage Orders, PLAINTIFFS and the Class are therefore entitled to double the above rates.

53.     The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code §1194(a) which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

54.     As described in California Labor Code §§1185 and 1194.2, any action for wages incorporates the applicable Wage Order of the California Industrial Welfare Commission.

55.     California Labor Code §1194.2 also provides for the following remedies:

> In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

56.     DEFENDANTS have the ability to pay minimum wages for all time worked and have willfully refused to pay such wages with the intent to secure for DEFENDANTS a discount upon this indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud PLAINTIFF and the Class and have, therefore, also violated California Labor Code §226(a).

57.     As a result of DEFENDANTS' violations of the minimum wage and agreed upon contractual rates by failing to record and pay wages for all hours worked, DEFENDANTS

19

violated California Labor Code §226(a) by inaccurately stating gross wages earned, total hours worked, deductions, net wages, gross wages, and other issues as described above. DEFENDANTS also violated California Labor Code §226.6 and IWC Wage Orders.

58.     Under California Labor Code § 558.1, "Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation." This applies to the individual defendants named herein because they violated or caused to be violated the Labor Code on behalf of the employer.

59.     WHEREFORE, PLAINTIFFS and the Class are entitled to recover the unpaid minimum wages (including double minimum wages), liquidated damages in an amount equal to the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a) and 218.5.


## COUNT FOUR

FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF
(Labor Code §§ 203, 226, 226.7, 1194 and Wage Orders)
All PLAINTIFFS against all DEFENDANTS

60.     PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

61.     California Labor Code §226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

62.     The applicable Wage Order states with regards to rest periods:

Second Amended Complaint                                    Case No. 4:19-cv-00404-DMR

(A)  Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

63.    DEFENDANTS violated California Labor Code §226.7 and the wage orders by failing to schedule rest periods and by failing to provide one hour of additional wages at the employees' regular rate of compensation for each work day that the rest periods were not provided.

64.    PLAINTIFFS and, on information and belief, the Class Members ALANIZ, HENRIQUEZ, ORTEGA, RODRIGUEZ, CORREA MARTINEZ, RAMIREZ, E. RODRIGUEZ, VAZQUEZ, D. VALENCIA, and J. VALENCIA seek to represent, did not voluntarily or willfully waive rest periods.   Any express or implied waivers obtained from PLAINTIFFS and/or Class Members was not willfully obtained, were not voluntarily agreed to, were a condition of employment, or were part of an unlawful contract of adhesion. DEFENDANTS did not provide, permit or authorize PLAINTIFFS and, on information and belief, Class Members to take rest periods in accordance with law or, if provided, did not pay for such time.

65.    As a result of the unlawful acts of DEFENDANTS, PLAINTIFFS and the Class ALANIZ, HENRIQUEZ, ORTEGA, RODRIGUEZ, CORREA MARTINEZ, RAMIREZ, E. RODRIGUEZ, VAZQUEZ, D. VALENCIA, and J. VALENCIA seek to represent have been deprived of wages, which is an amount resulting directly from the acts complained of.

66.    Under California Labor Code § 558.1, "Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation." This applies to the

individual defendants named herein because they violated or caused to be violated the Labor Code on behalf of the employer.

67.     WHEREFORE, PLAINTIFFS and the Class are entitled to recover the unpaid additional or premium wages, interest thereon, reasonable attorney's fees and costs of suit pursuant to California Labor Code §1194(a).

**COUNT FIVE**

**FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF**
(Labor Code §§ 203, 226, 226.7, 512, 1194 and Wage Orders)
All PLAINTIFFS against all DEFENDANTS

68.     PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

69.     DEFENDANTS failed to comply with the requirement under California law regarding meal periods. PLAINTIFFS and, on information and belief, the Class were not afforded meal periods as required by California law, since meal periods were not scheduled, PLAINTIFFS and the Class were routinely required to work without thirty-minute, uninterrupted meal periods, and PLAINTIFFS and the Class were not compensated for missed meal periods.

70.     California Labor Code §226.7 states

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
>
> (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

71.     The applicable wage order issued by the Industrial Welfare states with regards to meal periods:
> (A)     No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual

Second Amended Complaint                                          Case No. 4:19-cv-00404-DMR

consent of the employer and employee.  Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.  An "on duty meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(B)    If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

A similar provision is contained at California Labor Code §512.

72.    PLAINTIFFS and the Class did not voluntarily or willfully waive rest and/or meal periods. Any express or implied waivers obtained from PLAINTIFFS and the Class was not willfully obtained or voluntarily agreed to, but rather was a condition of employment or part of an unlawful contract of adhesion.

73.    PLAINTIFFS and the Class were scheduled and required to work for periods of more than five hours without an off-duty meal period of at least 30 minutes, and DEFENDANTS violated California law by failing to comply with the meal period requirements mandated by Labor Code §226.7 and the applicable Wage Orders. As such, DEFENDANTS are liable for one hour of pay at the employee's regular rate of compensation for each workday that meal periods were not provided.

74.    By failing to keep adequate time records required by §§226 and 1174(d) of the Labor Code, DEFENDANTS have injured PLAINTIFFS and the Class and made it difficult to calculate the unpaid meal period compensation due to PLAINTIFFS and the Class.

75.    As a result of the unlawful acts of DEFENDANTS, PLAINTIFFS and the Class have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, 512, 1194, and applicable Wage Orders.

76.    Under California Labor Code § 558.1, "Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6,

23

1194, or 2802, may be held liable as the employer for such violation." This applies to the individual defendants named herein because they violated or caused to be violated the Labor Code on behalf of the employer.

77.     WHEREFORE, PLAINTIFFS and the Class request relief as described herein and below.

## COUNT SIX

**FAILURE TO PAY TIMELY WAGES AFTER TERMINATION OR RESIGNATION**
(Labor Code §§ 201, 202 & 203)
All PLAINTIFFS against all DEFENDANTS

78.     PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

79.     California Labor Code Section 201(a) states:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. . . .

80.     California Labor Code Section 202(a) states:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

81.     DEFENDANTS willfully failed to timely pay PLAINTIFFS and a large portion of the proposed Class all of their wages due for work performed and this failure continued through the time in which PLAINTIFFS and many Class Members quit or were discharged from their employment with DEFENDANTS. As a result, DEFENDANTS violated California Labor Code §§ 201 and 202.

24

82.     California Labor Code § 203 states:

> If an employer willfully fails to pay, without abatement or reduction, in
> accordance with Sections 201, 201.5, 202, and 205.5, any wages of an
> employee who is discharged or who quits, the wages of the employee shall
> continue as a penalty from the due date thereof at the same rate until paid
> or until an action therefore is commenced; but the wages shall not
> continue for more than 30 days… Suit may be filed for these penalties at
> any time before the expiration of the statute of limitations on any action
> for the wages from which the penalties arose.

83.     The statute of limitations for an action for the wages at issue is four years pursuant to California Business and Professions Code § 17208 and California case law.  As noted above, DEFENDANTS violated California Labor Code §§ 201 and 202 by failing to pay non-exempt employees who quit, were involuntarily terminated, released after a specific job assignment or time duration, or were otherwise discharged all of the wages due pursuant to the timelines provided in those sections.  DEFENDANTS willfully failed to pay all wages due as the failure to pay was not inadvertent or accidental.

84.     PLAINTIFFS and the Class ALANIZ, HENRIQUEZ, ORTEGA, RODRIGUEZ, CORREA MARTINEZ, RAMIREZ, E. RODRIGUEZ, VAZQUEZ, D. VALENCIA, and J. VALENCIA seek to represent are entitled to compensation for all forms of wages earned, including, but not limited to, compensation for work done "off-the-clock" and/or at hourly rates below the minimum or double wage, overtime premium wages; additional wages for unprovided rest and meal periods, and other claims described in this complaint, but to date have not received such compensation therefore entitling them to penalties under Labor Code § 203.

85.     More than 30 days have passed since PLAINTIFFS and many affected Class Members have left DEFENDANTS' employ, and on information and belief, have not received payment pursuant to Labor Code §§ 201, 202 and 203.  As a consequence of DEFENDANTS' willful conduct in not paying all earned wages, PLAINTIFFS and many Class Members are entitled to 30 days' wages as a premium wage or penalty under California Labor Code §203.

86.     Under California Labor Code § 558.1, "Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6,

25

1194, or 2802, may be held liable as the employer for such violation." This applies to the individual defendants named herein because they violated or caused to be violated the Labor Code on behalf of the employer.

87.     WHEREFORE, PLAINTIFFS and the Class ALANIZ, HENRIQUEZ, ORTEGA, RODRIGUEZ, CORREA MARTINEZ, RAMIREZ, E. RODRIGUEZ, VAZQUEZ, D. VALENCIA, and J. VALENCIA seek to represent are entitled to California Labor Code § 203 penalties in amounts to be determined at trial.

### COUNT SEVEN

**FAILURE TO PROVIDE ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS**
(Labor Code §§ 226, 1174, 1175 and Wage Orders)
All PLAINTIFFS against all DEFENDANTS

88.     PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

89.     California Labor Code Section 226(a) states:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing
>
> i)   gross wages earned,
>
> ii)  total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,
>
> iii) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,
>
> iv)  all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,
>
> v)   net wages earned,
>
> vi)  the inclusive dates of the period for which the employee is paid,
>
> vii) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social

security number or an employee identification number other than a
social security number may be shown on the itemized statement,

viii)   the name and address of the legal entity that is the employer, and

ix) all applicable hourly rates in effect during the pay period and the
corresponding number of hours worked at each hourly rate by the
employee. The deductions made from payments of wages shall be
recorded in ink or other indelible form, properly dated, showing
the month, day, and year, and a copy of the statement or a record
of the deductions shall be kept on file by the employer for at least
three years at the place of employment or at a central location
within the State of California.

90.     DEFENDANT failed to provide "accurate itemized statements" to PLAINTIFFS
and Class Members because the wage statements:

a.   Falsely understated the gross wages earned by failing to pay for all
hours worked

b.   Falsely understated the total hours worked by PLAINTIFFS and Class
by ignoring the total of hours actually worked.

c.   Falsely understated the net wages earned by failing to pay for all hours
worked.

d.   the name and address of the legal entity that is the employer

e.   Falsely understated the "number of hours worked at each hourly rate."

PLAINTIFFS and the Class suffered injury as a result of the above false wage statements.

91.     California Labor Code § 226(e) and (g)  provides for the remedy for the violations
described above:

(e) An employee suffering injury as a result of a knowing and intentional
failure by an employer to comply with subdivision (a) is entitled to
recover the greater of all actual damages or fifty dollars ($50) for the
initial pay period in which a violation occurs and one hundred dollars
($100) per employee for each violation in a subsequent pay period, not
exceeding an aggregate penalty of four thousand dollars ($4,000), and is
entitled to an award of costs and reasonable attorney's fees.

(g) An employee may also bring an action for injunctive relief to ensure
compliance with this section, and is entitled to an award of costs and
reasonable attorney's fees.

92.     In addition, Section 1174 of the California Labor Code, and the Wage Orders, require DEFENDANTS to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees.  DEFENDANTS have created a uniform practice of knowingly and intentionally failing to comply with California Labor Code § 1174.  The failure of DEFENDANTS, and each of them, to comply with California Labor Code § 1174 is unlawful pursuant to California Labor Code § 1175.  When an employer fails to keep such records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.  *Hernandez v. Mendoza*, 199 Cal. App. 3d 721 (1988).

93.     By failing to keep adequate time records required by Sections 226 and 1174 (d) of the California Labor Code, DEFENDANTS have injured PLAINTIFFS and Class Members and made it difficult to calculate the unpaid wages due PLAINTIFFS and members of the Class and PLAINTIFFS and each Class member so injured is entitled up to $4,000.00 in penalties.

94.     Under California Labor Code § 558.1, "Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation." This applies to the individual defendants named herein because they violated or caused to be violated the Labor Code on behalf of the employer.

95.     WHEREFORE, PLAINTIFFS and the Class ALANIZ, HENRIQUEZ, ORTEGA, RODRIGUEZ, CORREA MARTINEZ, RAMIREZ, E. RODRIGUEZ, VAZQUEZ, D. VALENCIA, and J. VALENCIA seek to represent are entitled to California Labor Code § 226(e) in an amount to be determined at trial, not to exceed $4,000 per PLAINTIFFS and Class Members, cost of suit, attorneys' fees and injunctive relief per California Labor Code § 226(g).

//

//

//

//

**COUNT EIGHT**

ACTS IN VIOLATION OF UNFAIR COMPETITION LAW
(Business & Professions Code §§ 17200 *et seq.*)
All PLAINTIFFS against DEFENDANT AHO ENTERPRISES, INC.

96.     PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

97.     DEFENDANTS engaged in unlawful activity prohibited by Business and Professions Code §§ 17200 *et seq.*  The actions of DEFENDANTS as alleged within this complaint, create an unlawful and unfair business practices within the meaning of Business and Professions Code §§ 17200 *et seq.*

98.     As described above, DEFENDANTS have conducted the following unlawful activities:

 a)   violations of the FLSA, 29 U.S.C. §201, et seq. by failing to pay overtime compensation;

 b)   violation of California Labor Code § 201, 202 and 203 by failing to pay all wages earned and unpaid at the time of certain Class Members' discharge from employment by DEFENDANTS;

 c)   violation of California Labor Code § 206 by failing to pay, without condition and within the time set by the applicable article, all wages, or parts to be due;

 d)   violation of California Labor Code § 216 by willfully refusing to pay wages due and payable by falsely denying the amount or validity thereof, or that the same is due, with intent to secure for itself any discount upon such indebtedness, and with intent to annoy, harass, oppress, hinder, delay, or defraud, the Class Members to whom such indebtedness is due;

 e)   violation of California Labor Code § 226 by failing to provide Class Members with accurate wage statements;

 f)   violation of California Labor Code § 226.7 by requiring Class Members to work during rest periods (or not paying Class Members during breaks taken) mandated by the applicable Wage Order and failing to provide said Class Members one (1) hour additional wages at the non-exempt employee's regular rate of compensation for each work day that the meal or rest period is not provided;

 g)   violation of California Labor §510, IWC wage orders by failing to pay overtime;

 h) violation of California Labor Code § 512 and IWC wage orders by failing to provide timely, uninterrupted, 30-minute meal periods or premiums;

29

i) violation of California Labor Code § 1194 by failing to pay minimum and/or overtime wages for all hours worked by Class Members;

99.     DEFENDANTS' activities also constitute unfair practices in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*, because DEFENDANTS' practices violate the above noted laws, and/or violate an established public policy and/or the practice is immoral, unethical, oppressive, unscrupulous, and substantially injurious to PLAINTIFFS and the Class.

100.     As a result of DEFENDANTS' violations of the Labor Code, PLAINTIFFS have suffered injury-in-fact and have lost money or property as a result of DEFENDANTS' practices. This injury-in-fact and loss of money or property consists of the lost wages and other restitutionary remedies provided by the Labor Code as detailed in this complaint and other resulting harms.  A tally of these damages cannot readily be determined as the employment records are held exclusively or nearly exclusively in DEFENDANTS' control.  PLAINTIFFS are entitled to restitution, an injunction, declaratory and other equitable relief against such unlawful practices to prevent future damage for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.  PLAINTIFFS are also seeking in the alternative, by this class action, restitutionary disgorgement of such monies into a fluid recovery fund.

101.     As a result of their unlawful acts, DEFENDANTS have reaped and continue to reap unfair benefits and unlawful profits at the expense of PLAINTIFFS and the Class ALANIZ, HENRIQUEZ, ORTEGA, RODRIGUEZ, CORREA MARTINEZ, RAMIREZ, E. RODRIGUEZ, VAZQUEZ, D. VALENCIA, and J. VALENCIA seek to represent. DEFENDANTS should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to PLAINTIFFS and the members of the Class the wrongfully withheld wages pursuant to Business and Professions Code § 17203.  PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS are unjustly enriched through their failure to pay legal wages, and/or other remedies.  PLAINTIFFS are informed and believe, and thereon allege, that PLAINTIFFS and members of the Class are prejudiced by DEFENDANTS unfair trade practices.

102.   As a direct and proximate result of the unfair business practices of DEFENDANTS, and each of them, PLAINTIFFS, individually and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from PLAINTIFFS and members of the Class as a result of the business acts and practices described herein and enjoining DEFENDANTS to cease and desist from engaging in the practices described herein for the maximum time permitted pursuant to Business and Professions Code §17208 including any tolling.

103.   The unlawful and unfair conduct alleged herein is continuing, and there is no indication that DEFENDANT will refrain from such activity in the future.  PLAINTIFFS believe and alleges that if DEFENDANT are not enjoined from the conduct set forth in this Complaint, they will, continue to violate California and federal labor laws. PLAINTIFFS further request that the court issue a preliminary and permanent injunction.

104.   WHEREFORE, PLAINTIFFS and the Class they seek to represent request relief as described herein and below.

**COUNT NINE**

(Penalties and Wages for Violations Pursuant to Labor Code §§ 2698 *et seq.*, 558 and 558.1)

All PLAINTIFFS against all DEFENDANTS

105.   PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

106.   PLAINTIFFS bring this representative claim for themselves, the State of California and all other current and former employees of DEFENDANTS as a non-class claim, as expressly authorized by the statute.

107.   This PAGA cause of action is brought against DEFENDANTS pursuant to provisions of the labor code including § 558, which imposes liability on "persons" (defined by

1    Labor Code § 18 as "… any person, association, organization, partnership, business trust, limited

2    liability company, or corporation.") who violate the Labor Code or IWC regulations or cause

3    these to be violated, and which provides for recovery of wages in addition to penalties. Section

4    558.1 is similar.

5         108.    PLAINTIFFS have complied, or will have complied by the time this amended

6    complaint is filed, with the PAGA's administrative requirements. Specifically, in the manner

7    prescribed in Labor Code § 2699.3, PLAINTIFFS gave notice to DEFENDANTS and the Labor

8    & Workforce Development Agency ("LWDA") of the Labor Code provisions that

9    DEFENDANTS are alleged to have violated, as well as the facts and theories surrounding those

10   allegations. PLAINTIFFS subsequently received notice from the LWDA that it would not

11   investigate the allegations, entitling PLAINTIFFS to bring a PAGA cause of action, or the

12   LWDA failed to respond within the time allotted by statute.

13        109.    PLAINTIFFS are aggrieved employees within the meaning of Labor Code §

14   2699(a).  They bring this cause on behalf of themselves, the State of California and other

15   aggrieved employees – i.e., current or former employees affected by the Labor Code violations

16   alleged in this complaint.

17        110.    Pursuant to Labor Code § 2699(a), PLAINTIFFS seek civil penalties as provided

18   under applicable Labor Code sections for violations alleged herein.

19        111.    To the extent that any violation of statute or regulation alleged herein does not

20   carry a penalty, PLAINTIFFS seek civil penalties pursuant to Labor Code § 2699(f), which

21   provides:

22

23            For all provisions of this code except those for which a civil penalty is
              specifically provided, there is established a civil penalty for a violation of
24            these provisions, as follows: . . . (2) If, at the time of the alleged violation,
              the person employs one or more employees, the civil penalty is one
25            hundred dollars ($100) for each aggrieved employee per pay period for the
              initial violation and two hundred dollars ($200) for each aggrieved
26            employee per pay period for each subsequent violation.

27

28

1   The penalties sought by PLAINTIFFS are to be distributed as mandated in Labor Code §

2   2699(i) – 75% to the State and the remaining to workers.

3   112.   DEFENDANTS are liable to PLAINTIFFS, the State and other current or former

4   employees as a result of the violations alleged in this Complaint.  PLAINTIFFS are also entitled

5   to an award of attorneys' fees and costs for bringing this claim as set forth below.

6   113.   PLAINTIFFS' PAGA claim does not require Class Certification because both the

7   language of the PAGA and the express intent of the Legislature indicate that an aggrieved

8   employee may act in place of the State and bring a representative action on behalf of the State

9   and other employees without having to certify a class.  Labor Code § 2699 specifically states that

10   an aggrieved employee may bring an action on behalf of other employees, "[n]otwithstanding

11   any other provision of law…" The wording of the PAGA, which authorizes an aggrieved

12   employee to bring an action  "on behalf of himself or herself and other current or former

13   employees… [,]" is similar to the former wording of Business and Professions Code § 17204,

14   which authorized a person or organization to act "for the interests of itself, its members or the

15   general public . . . ." The Legislature has made clear that an action under the PAGA is in the

16   nature of an enforcement action, with the aggrieved employee acting as Private Attorney General

17   to collect penalties from employers and persons who violate labor laws.  Such an action is

18   fundamentally a law enforcement action designed to protect the public and penalize the

19   defendant for past illegal conduct.  Restitution is not the primary object of a PAGA action, as its

20   purpose is not recovering damages, but civil penalties.  And the PAGA does not preclude an

21   employee from pursuing any other claim he may have available under law.

22   As such, PLAINTIFFS individually hold a substantive right to stand in the shoes of the

23   State of California and bring this PAGA claim for the State and other current or former

24   employees.

25   WHEREFORE, PLAINTIFFS requests penalties pursuant to the PAGA as described

26   herein and any other relief this Court deems proper.

27

28

## VI.     PRAYER

WHEREFORE, PLAINTIFFS pray for judgment as follows:

a)  That the Court determine that this action may be maintained as a class and collective action with the named PLAINTIFFS appointed as class representatives;

b)  For the attorneys appearing on the above caption to be named class counsel;

c)  For compensatory damages in an amount according to proof with interest thereon;

d)  For a declaratory judgment that each of the DEFENDANTS violated the PLAINTIFFS' and the Class Members' rights under FLSA, California Labor and Business and Professions Codes as set forth in the preceding paragraphs;

e)  That DEFENDANTS be ordered to make restitution to the Class due to their unfair competition;

f)  That DEFENDANTS be enjoined from continuing the unlawful course of conduct, alleged herein;

g)  For premium pay, wages, and penalties;

h)  For attorneys' fees, interest and costs of suit;

i)  For damages and liquidated damages;

j)  For all other relief provided by the FLSA, the California Labor Code, and California Business and Professions Code;

k)  For such other and further relief as the Court deems just and proper;

l)  For such other and further relief as the Court deems just and proper pursuant to the procedures detailed in Labor Code §§ 2698 *et seq*.

m)  For all provisions of the Labor code violated as described above except those for which a civil penalty is specifically provided, a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

n)  For all provisions of the Labor code violated as described above for which a civil penalty is specifically provided, civil penalties for each aggrieved employee as specifically provided by statute

## **DEMAND FOR JURY TRIAL**

PLAINTIFFS hereby demand trial of his and the Class' claims by jury to the extent authorized by law.

Dated:  November 23, 2019                          **MALLISON & MARTINEZ**
                                                                    Attorneys for Plaintiffs


                                                                    By: /s/  Liliana Garcia
                                                                         Liliana Garcia

Second Amended Complaint                                    Case No. 4:19-cv-00404-DMR