STAN S. MALLISON (Bar No. 184191)
Stanm@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
Hectorm@TheMMLawFirm.com
DANIEL C. KELLER (Bar No. 332576)
Dkeller@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

JOSE SALVADOR SANDOVAL ORTEGA, J. GUADALUPE ALANIZ, EFRAIN HENRIQUEZ, NORBERTO RODRIGUEZ, JOSE LUIS CORREA MARTINEZ, MELVIN EFRAIN GOODY RAMIREZ, EDUARDO RODRIGUEZ, RODOLFO VAZQUEZ, DANIEL VALENCIA, and JOSE VALENCIA, on behalf of themselves and a class of similarly situated individuals,

Plaintiffs,

vs.

AHO ENTERPRISES, INC. (dba "SUPERIOR BODY SHOP"); JACK AHO, ISSA AHO, HANI AHO and DOES 1 through 30, inclusive,

Defendants.

Case No.: 4:19-CV-00404-DMR

**CLASS ACTION**

**[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT ***AS MODIFIED*****

Date: March 24, 2022
Time: 1:00 p.m.
Judge: Hon. Donna M. Ryu
Room: Courtroom 4 – 3rd Floor

Complaint Filed: January 23, 2019

**TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD**:

The Court, having read and considered the papers of Plaintiffs' Motion for Final Approval of Class Settlement, the supporting Memorandum of Points and Authorities, the Declaration of Class Counsel, including the declarations of the Class Representatives, the arguments of Counsel, and good cause appearing hereby **ORDERS AS FOLLOWS**:

1. This Order hereby incorporates by reference the definitions of the Settlement Agreement and Release ("Settlement"), as though fully set forth herein, and all terms used herein shall have the same meaning as set forth in the Settlement.
2. The Parties' Settlement is granted final approval as it meets the criteria for final settlement approval. The Settlement falls within the range of possible approval as fair, adequate and reasonable, and appears to be the product of arm's-length and informed negotiations and to treat all Class Members fairly.
3. The Court hereby finally approves the proposed Settlement upon the terms, conditions, and all release language set forth in the Settlement attached to the Declaration of Stan Mallison as Exhibit 1. The Court finds that the Settlement (including the requirements, the monetary provisions, the method of calculating claim amounts, the release of claims, the proposed award of attorneys' fees and costs, and the agreement regarding administration costs) appears to be fundamentally fair and adequate and falls within the "range of reasonableness" necessary for final approval by the Court. It appears to the Court that the Settlement terms are fair, adequate, and reasonable as to all potential Class Members when balanced against the probable outcome of further litigation, given the risks relating to liability and damages. It further appears that extensive and costly investigation and research has been conducted such that counsel for the Parties at this time are reasonably able to evaluate their respective positions. It further appears to the Court that the Settlement at this time will avoid substantial additional costs by all Parties, as well as the delay and risks that would be presented by the further prosecution of the Action. It appears that

the Settlement has been reached as a result of intensive, arm's-length negotiations including a mediation and settlement conference.

4. The Court hereby finally and unconditionally approves the Settlement, and specifically approves the Total Settlement Amount of $1,100,000.

5. Simpluris is awarded $3,499 for its services as the Settlement Administrator and shall carry out its remaining obligations under the Settlement.

6. Plaintiffs and Class Representatives Jose Salvador Sandoval Ortega, J. Guadalupe Alaniz, Efrain Henriquez, Norberto Rodriguez, Jose Luis Correa Martinez, Melvin Efrain Goody Ramirez, Eduardo Rodriguez, Rodolfo Vazquez, Daniel Valencia, and Jose Valencia are each awarded $7,500 pursuant to the terms of the Settlement and for their services as Class Representatives.

7. Class Counsel, is awarded one-third (1/3) of the Settlement Amount, amounting to $366,666.67, for attorneys' fees and $12,000 in costs for their work incurred in prosecuting this case. Each party shall bear their own costs and attorneys' fees beyond those provided by the Settlement.

8. The Court approves $50,000 of the Gross Settlement Amount to resolve PAGA claims with 75% of that portion ($37,500) to be paid to the Labor and Workforce Development Agency as their share of the settlement for the civil penalties alleged and 25% ($12,500) to be distributed to aggrieved class claimants as their statutory share of the PAGA penalties pursuant to California Labor Code section 2699(i).

9. Plaintiffs and Class Representatives Jose Salvador Sandoval Ortega, J. Guadalupe Alaniz, Efrain Henriquez, Norberto Rodriguez, Jose Luis Correa Martinez, Melvin Efrain Goody Ramirez, Eduardo Rodriguez, Rodolfo Vazquez, Daniel Valencia, and Jose Valencia are deemed to have released all claims against Defendants as detailed in the Settlement and Release.

10. <u>The Settlement Administrator shall file with the court a declaration providing a report on the disbursements of all funds after each of the two distributions. Each report is due within seven days after the 180-day period to cash settlement checks has expired.</u>

Any checks that remain uncashed 180 days after the second and final distribution shall be voided and the amount equally split between cy pres recipients California Rural Legal Assistance and Legal Aid at Work. ~~Within seven (7) business days after final disbursement of all amounts from the Gross Settlement Fund, the Settlement Administrator will serve on the Parties and file with the Court a declaration providing a final report on the disbursements of all funds.~~

11. By means of this Final Approval Order, this Court hereby enters final judgment as to Defendants in this action, binding each Participating Class Member and operating as a full release and discharge of Settled Claims.

12. The Court retains jurisdiction to consider all further issues arising out of or in connection with the Settlement.

13. The Parties are hereby ordered to implement and comply with the terms of the Settlement. Notice of entry of this Order and the ensuing final judgment shall be given to Mallison & Martinez on behalf of Plaintiffs and all Participating Class Members. It shall not be necessary to send notice of entry of this Order or the ensuing final judgment to Class Members.

**IT IS SO ORDERED**.

Dated: March 28, 2022

UNITED STATES DISTRICT COURT
IT IS SO ORDERED
Judge Donna M. Ryu
NORTHERN DISTRICT OF CALIFORNIA

The Honorable Donna M. Ryu
United States Magistrate Judge

